## Gates v. Nationwide Mutual Insurance Co.

*Bernard Goldstone* and *Routman, Moore & Goldstone,* for plaintiffs.

*George H. Rowley* and *Voorhies, Dilley, Keck & Rowley,* for defendant.

RODGERS, P. J., December 11, 1963.—After reargument, granted by the court, we withdraw our previous opinion and file the following revised opinion.

The question remains: May a witness who has previously given the interrogator a recorded statement refuse to answer questions on deposition where the

interrogator refuses to make available to the witness his prior statement?

We are concerned here with the limitations of Pa. R. C. P. 4011 on Pa. R. C. P. 4007. Rule 4007 is a general grant of the right to take depositions. Rule 4011 denies this right where the discovery "is sought in bad faith," and where the "report . . . [is] secured by any person . . . in preparation for trial."

Plaintiff here contends that it is bad faith to interrogate a witness who has given a prior recorded statement without making the prior statement available to him. He cites Perkins v. Pittsburgh Railway Co., 6 D. & C. 2d 655 (1955); Davis v. Zazow, 23 D. & C. 2d 143 (1960); and Benezet v. Westinghouse Electric Supply Co., 29 D. & C. 2d 71 (1962), in support of his position.

Davis v. Zazow, supra, is the only case on point. There, the court stated that the issue was "whether the discovery will substantially aid the defendant." The court declared that it would not assume that persons spoke untruths merely because they were not sworn and that "because a statement given by plaintiff was so close in time to the accident that defendants will undoubtedly give it more weight than later depositions in the preparation of their case. We are of the opinion that the sought-after depositions will not substantially aid defendants."

The court in Davis v. Zazon, supra, relied on Perkins v. Pittsburgh Railways Co., 6 D. & C. 2d 655. That case, however, is not on point; for there, defendant had promised plaintiff a copy of his signed statement and then refused to produce the statement. This is, of course, evidence of bad faith. The language in this case which would support the Davis decision is dicta. The same is true of Benezet v. Westinghouse Electric Supply Co., 29 D. & C. 2d 71 (1962), which refers to the Davis and the Perkins cases and states:

"We agree with the holding of these two cases, but deem them inapplicable to the question presently before us."

We must respectfully dissent from the opinion of our learned brothers in this matter and pose the question: How can it be considered bad faith to refuse to do that which our rules specifically say you need not do? Some seem to find the answer in the contention that since the party already has a statement given by the witness, the taking of this deposition could not be of substantial aid to defendant in preparing for trial.

If this were true, it would not be necessary to discuss the bad faith defense because the failure to be of substantial aid would, in itself, be grounds for denying the deposition.

The record indicates that this statement was taken by an insurance adjuster shortly after the event occurred. We doubt that anyone familiar with the recorded interviews and signed statements obtained by adjusters for insurance companies would assume that such statements would routinely include all information about every matter which could be of substantial aid to counsel in the trial of the case.

This is not the real reason for refusing the deposition. The real reason is, apparently, some sort of a tenuous idea of fair play which, in our opinion, has no substantial basis. If a person gives one statement shortly after an event occurs, and then a substantially different one at a later date, the litigant should have the right to know this. They are then alerted to the type of witness whom they must be prepared for at the trial, whether the contradiction was the result of confusion, a lapse of memory or a deliberate fabrication. This court sees no reason for permitting a witness to read a prior statement and then, perhaps consciously or unconsciously, color his deposition answers to suit his previous statement.

We believe further that any attempt to read bad faith into the refusal to turn over a report obtained in anticipation of trial is an unwarranted judicial rule-making process.

When the rules say you can take a deposition, but you can't take one in bad faith, but you don't have to turn over a report obtained in anticipation of trial, we consider this to be a pretty plain way of saying that it is not in bad faith to refuse to turn over a document obtained in anticipation of trial. We so rule.

### Order

And now, December 11, 1963, the motion for sanction is granted. Plaintiff is directed to appear for depositions in accordance with the attached opinion.